*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT J. DOERR,

        Petitioner-Appellant,

UNPUBLISHED
June 8, 2023

v

No. 358228
Tax Tribunal
LC No. 20-004152-TT

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

MURRAY, J., (*concurring*).

The limited review this Court employs in its review of a final opinion and judgment of the Michigan Tax Tribunal (MTT), *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022), requires the conclusion that the MTT decision be affirmed. As explained in the majority opinion, the MTT relied upon the address contained on petitioner's voter registration, vehicle registration and driver's license, all of which contained the prior home's address. Reliance on these documents was completely permissible, see *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017), and the MTT was authorized to find those documents more persuasive than the evidence submitted by petitioner. This standard of review compels my vote to affirm. Nevertheless, I write separately to point out the absurdity of the MTT's decision, and how it appears to have resulted from a robotic acceptance of some evidence, and with blinders on as to the evidence establishing the *reality* of petitioner's situation. As I see it, there was persuasive evidence that petitioner occupied the Lakeshore property for tax years 2018 and 2019.

The law provides that "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under . . . the revised school code . . . if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(1). "In order to receive the exemption, a taxpayer must file an affidavit claiming the exemption." *Estate of Schubert*, 322 Mich App at 448. A person claiming a PRE "must establish that he or she *owned and occupied* the property as a principal residence for each year that the exemption is claimed." *Id*. at 451 (emphasis added). While neither MCL 211.7cc nor MCL 211.7dd defines the term "occupy," this Court explained in *Estate of Schubert*, 322 Mich App at

450, that "a person must dwell either permanently or continuously at a property to 'occupy' the property."

As the majority notes, there is no dispute that petitioner owned the Lakeside property; the only question is whether he proved that he occupied the Lakeshore house during the relevant tax years. But from the evidence petitioner submitted that the MTT found unpersuasive, it is clear that petitioner and his late wife (who passed away while the appeal was pending) purchased the ranch-style house to down-size from the two-story home in which they had previously lived, principally for medical reasons. And, the Lakeshore home was just .4 miles from the prior property.

"[D]ocumentary evidence relevant to whether a person occupies the property as his or her principal residence can include utility bills, driver's licenses, tax documents, other documents showing the petitioner's address, and voter registration cards," but "[n]o single document is conclusive." *Id*. at 454-455. The evidence submitted by petitioner, at least as far as can be gleaned from any existing record, were utility bills, tax bills, ambulance bills, a statement from a neighbor indicating that petitioner lived year-round at the Lakeshore property, and a position statement from petitioner's son, who has a power of attorney, outlining the circumstances of petitioner's move.[1] This evidence was sufficient to show that petitioner occupied the Lakeshore property in 2018 and 2019.[2] In fact, much more than the evidence relied upon by the MTT, the evidence petitioner submitted shows what petitioner was *actually doing* during 2018 and 2019—living at the Lakeshore property. Utility bills show that the Lakeshore property was receiving services so that petitioner and his wife could reside there, while ambulance bills showed that petitioner occupied the property when he needed medical assistance. Similarly, the Christmas cards sent to petitioner and his wife show that petitioner (and/or his wife) told people that their new mailing address was at the Lakeshore property. Also relevant was that petitioner immediately changed his PRE when he purchased the Lakeshore property, averring to the government that it was his principal residence. Most importantly, petitioner's son's letter outlined exactly why petitioner moved to the new location, and why petitioner did not change government documents like his voter registration and license.

In concluding otherwise, the MTT focused exclusively on the fact that "Petitioner did not identify the subject property as his residence on his driver's license, vehicle registration, or voter's registration for the tax years at issue." In focusing only on the voter ID and driver's license and car registration, the MTT placed form over substance, and reflected blind allegiance to certain forms of evidence-"utility bills, driver's licenses, tax documents, other documents showing the petitioner's address, and voter registration cards,"—but failed to recognize that "[n]o single document is conclusive." *Estate of Schubert*, 322 Mich App at 454. Certainly, it was true that petitioner had not changed his driver's license or voter registration information, but as petitioner's

---

[1] The letter references photos taken of the old home and the Lakeshore property which purportedly showed the former as vacant, and the latter as full with furniture, etc. However, nothing shows that these photos were actually submitted to the tribunal, or for that matter, at the informal conference. They were not submitted on appeal.

[2] It appears undisputed that petitioner submitted no evidence as to 2017.

son explained, petitioner was stuck in his ways and was reluctant to make these and other changes when he only moved less than a half mile away. In other words, although the address contained on these government documents may be relevant in many cases, here their relevance was greatly diminished in establishing where petitioner *actually* resided during the relevant periods. The MTT's error was in its complete failure to consider the *context* of petitioner's situation, and which property he *physically occupied*, which after all is the controlling statutory question. In my view, petitioner met his burden to prove that he occupied the Lakeshore property in 2018 and 2019. However, because there was evidence supporting the MTT's decision, and we are not permitted to substitute our judgment for that of the tribunal, I reluctantly concur.[3]


/s/ Christopher M. Murray

---

[3] The dissent suggests a remand to determine whether certain evidence was submitted to the tribunal, but respondent already submitted the pictures that were referenced by the tribunal, and they were not of the houses. And, petitioner has submitted nothing to suggest that the photos or videos of the houses were actually submitted to the tribunal. Hence, I'm afraid a remand would add nothing to the record.